IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GUADALUPE VILLA-RODRIGUEZ,

                                                CASE NO. 2:12-CV-280

        Petitioner,                       CRIM. NO. 2:10-CR-225(4)

                                                JUDGE MARBLEY

        v.                              MAGISTRATE JUDGE KING

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  On June 19, 2013, the Court dismissed all of Petitioner's claims except claim three, which alleges that Petitioner was denied the effective assistance of counsel because his attorney failed to file a notice of appeal after having been requested to do so and failed to consult with Petitioner regarding the filing of an appeal.  *Opinion and Order,* Doc. No. 194.  The Court appointed counsel to represent Petitioner and an evidentiary hearing on this claim was held on October 15, 2013.[1]  Upon consideration of all of the evidence, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **GRANTED** on Petitioner's claim of ineffective assistance of counsel, that the *Judgment*, Doc. No. 111, be vacated and that a new judgment be entered so that a timely notice of appeal may be filed on Petitioner's behalf.

**Facts and Procedural History:**

The facts and procedural history of this case are set forth in detail in this Court's May 14, 2013 *Report and Recommendation,*  Doc. No. 185, PageID #810-830, and the Court will only

---

[1] A Spanish interpreter was present at the evidentiary hearing to assist Petitioner, who does not speak English.

summarize those facts and that history here.  Petitioner was originally indicted on a number of serious offenses, including conspiracy to engage in hostage taking and hostage taking in violation of 18 U.S.C. § 1203. He eventually pleaded guilty, pursuant to the terms of the *Plea Agreement*, Doc. No. 80, to possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5).  On April 5, 2011, the Court imposed a sentence of 111 months imprisonment to be followed by a three year term of supervised release.  *Judgment*, Doc. No. 111.[2]  Petitioner did not file an appeal from that judgment.

The single claim now before this Court is Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to file a notice of appeal after having been requested to do so and failed to consult with Petitioner regarding the filing of an appeal.

**Evidentiary Hearing and *Transcript of Sentencing Proceedings*:**

Petitioner testified at the evidentiary hearing that he was detained in the Delaware County Jail pending trial.  He met with his appointed attorney, W. Joseph Edwards, approximately six times prior to trial.  His attorney discussed the charges against Petitioner, the plea offer and terms of the *Plea Agreement,* and explained that Petitioner could be sentenced to a maximum term of ten years in prison.  However, Petitioner testified, his attorney never discussed the possibility of or procedures surrounding an appeal.  At a meeting on the afternoon prior to sentencing, his attorney advised Petitioner that he would be sentenced to ten years' incarceration; once again, his attorney failed to advise Petitioner of his right to appeal his sentence.

---

[2] The parties agreed, prior to sentencing, that Petitioner's offense level of 37 and criminal history category of I resulted in a guideline sentencing range of 210-262 months.  That guideline sentence was limited in this case to 120 months – *i.e*., the statutory maximum sentence under 18 U.S.C. § 924. *Government's Sentencing Memorandum*, Doc. No. 104; *Defendant's Sentencing Memorandum*, Doc. No. 108.  Defense counsel asked that Petitioner be granted credit for the 8 ½ months spent in jail on state charges prior to the federal prosecution. *Id*.  The Government did not oppose that request. *Government's Sentencing Memorandum*.  Petitioner's sentence of 111 month reflected that credit.

At the sentencing hearing, Petitioner told his attorney that he wanted to appeal but, according to Petitioner, his attorney told him not to pursue an appeal.  His attorney never explained why an appeal should not be pursued.  Although his attorney stated that he would talk to Petitioner about an appeal, Petitioner never saw or spoke with his attorney again.

The transcript of Petitioner's sentencing hearing reads in relevant part:

> COURT:  Mr. Villa Rodriguez, you have the right to appeal this sentence.  If you cannot afford an appeal, you have the right to apply for leave to file an appeal *in forma pauperis*, which means without the payment of any cost or expense to you.  If that application is granted, the Clerk of Court will prepare or file a notice of appeal on your behalf at that time.  Any such notice of appeal must be filed within ten days of the time that I enter judgment on your sentence.  Do you wish the Court to direct the clerk's office to prepare or file a notice of appeal on your behalf at this time?
>
> (Defendant and counsel confer.)
>
> MR. EDWARDS:  Your Honor, perhaps what we could do to remedy the situation is that – I believe at this point in time he wants to file an appeal.  But what I will represent to the Court is Ms. Lavelle [the interpreter] and I will travel to Delaware early next week and review all of this with him.  I will notify the courtroom deputy if he wants to change his mind on this issue.

*Transcript of Sentencing Proceedings,* Doc. No. 133, PageID #453-54.

Defense counsel testified at the evidentiary hearing that he was appointed to represent Petitioner.  He did not recall the date on which he first met with Petitioner, but recalled that their first meeting was at the Delaware County Jail.  He was always accompanied by Maria Lavelle Spencer, a Spanish interpreter, when he met with Petitioner.  He reviewed with Petitioner the charges against Petitioner and the evidence in the case, the *Plea Agreement*, the potential maximum sentence and the *Presentence Investigation Report.*  Edwards testified that he would have advised Petitioner that he faced a statutory maximum term of ten years' incarceration.

Edwards did not discuss a possible appeal at the time Petitioner was considering whether to enter a guilty plea but, instead, focused on ensuring that Petitioner understood the terms of the *Plea Agreement*, understood that by pleading guilty he was waiving many constitutional rights, and understood that he was facing a potential maximum sentence of ten years in prison.  Prior to sentencing, Edwards also reviewed the *Presentence Investigation Report* with Petitioner, which was a tedious process because of the language barrier and the need for translation.  Petitioner acknowledged that he did not review Petitioner's appellate rights with him at that time. However, Edwards routinely meets with his criminal clients shortly before the sentencing hearing. Although he could not specifically recall whether he met with Petitioner at the courthouse or at the Delaware County Jail,  it was during that meeting that he would have spoken with Petitioner about his appellate rights.  Edwards testified that Petitioner wanted to pursue an appeal only if his sentence did not reflect credit for the 8 ½ months that he had spent in state custody.

Edwards had little recollection of the actual sentencing hearing.  Referring to Petitioner's expressed intention to appeal, Edwards explained that he thought that Petitioner was confused in light of their discussion prior to sentencing and in light of the fact the sentence actually imposed reflected credit for the time that Petitioner had spent in state custody.

Edwards acknowledged that he had no further contact with Petitioner after the sentencing hearing.  Had he understood that Petitioner really wanted to file an appeal, Edwards would have filed a notice of appeal or would have asked that the Court do so.

**Discussion:**

4

The failure of an attorney to file a timely appeal upon a defendant's request constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. See *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Where a criminal defendant neither instructs his attorney to file an appeal nor asks that an appeal be taken, the Court must consider whether the attorney consulted with his client regarding the filing of an appeal. If defense counsel consulted with his client regarding the filing of an appeal, he performs in a professionally unreasonable manner only if he fails to follow a defendant's express instructions with respect to an appeal. *Id.*, at 478. If counsel has not

consulted with his client regarding the filing of an appeal, the court must consider whether this failure constitutes deficient performance. *Id.*

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. *See id.*, at 690, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 479–80.

Here, counsel credibly testified that he consulted with Petitioner immediately prior to the sentencing hearing regarding the filing of an appeal.  The sentencing transcript also indicates that Petitioner and Edwards had some discussion regarding the filing of an appeal during the sentencing hearing. Edwards advised the Court during the sentencing hearing that Petitioner wanted to file an appeal and represented that he would confer with Petitioner on the issue.  It is uncontroverted, however, that Edwards did not do so.  It was counsel's understanding that Petitioner did not really want to file an appeal in light of the very favorable plea agreement and the sentence actually imposed.

The evidence establishes that Petitioner requested that an appeal be filed on his behalf but that his counsel did not do so.  At a minimum, counsel knew (as evidenced by the sentencing transcript) that Petitioner was interested in pursuing an appeal, but counsel nevertheless failed to consult with Petitioner to clarify Petitioner's intention in that regard.  For both these reasons, and notwithstanding counsel's otherwise very competent representation of Petitioner, counsel's representation of Petitioner in this regard fell below the standard constitutionally required.  *See Roe v. Flores-Ortega,* at 478-80.

Under these circumstances, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **GRANTED** on Petitioner's claim that he was denied the effective assistance of counsel because of his attorney's failure to file an appeal or failure to consult with Petitioner about the filing of an appeal.  It is **FURTHER RECOMMENDED** that the *Judgment,* Doc. No. 111, be vacated and that a new judgment be entered so that Petitioner may file a timely appeal. *See Johnson v. United States of America*, 146 Fed. Appx. 4,  2005 WL 1506050 (6th Cir. June 27, 2005)(and cases cited therein).

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal from any adverse decision, they may request, in their objections, the issuance of a certificate of appealability.


                                                           *s/ Norah McCann King*
                                                        Norah McCann King
                                                        United States Magistrate Judge

October 29, 2013