IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GUADALUPE VILLA-RODRIGUEZ,

    Petitioner,

v.

    CASE NO. 2:12-CV-280
    CRIM. NO. 2:10-CR-225(4)
    Judge Marbley
    Magistrate Judge King

UNITED STATES OF AMERICA,

    Respondent.

### ORDER

On October 29, 2013, after an evidentiary hearing, the Magistrate Judge recommended that the *Motion to Vacate*, Doc. No. 140, be granted on Petitioner's claim of ineffective assistance of counsel for failure to file a notice of appeal, that the original judgment entered in this action, *Judgment,* Doc. No. 111, be vacated and that a new judgment be entered so that a timely notice of appeal may be filed on Petitioner's behalf. *Report and Recommendation,* Doc. No. 215. Petitioner, who is represented by counsel, has filed *pro se* objections to that recommendation. *Objection,* Doc. No. 218. For the reasons that follow, Petitioner's *pro se* objections are **OVERRULED.** The *Report and Recommendation,* Doc. No. 215, is **ADOPTED** and **AFFIRMED.** The original judgment, *Judgment*, Doc. No. 111, is **ORDERED VACATED** and the Clerk is **DIRECTED** to enter a new judgment so that a timely notice of appeal may be filed on Petitioner's behalf.

First, because Petitioner is represented by counsel, he cannot properly pursue the litigation except through his counsel. In any event, however, Petitioner's *pro se* objections are without merit. Petitioner does not object to the Magistrate Judge's actual recommendation.

1

Rather, Petitioner argues that he should be re-sentenced under 18 U.S.C. § 3553(a), *United States v. Booker*, 543 U.S. 220 (2005), and *Pepper v. United States*, 131 S.Ct. 1229 (2011). However, the *Motion to Vacate* does not present this challenge to Petitioner's sentence and Petitioner cannot properly raise a new claim in his objections to the *Report and Recommendation*. Finally, this new claim is time barred, *see* 28 U.S.C. § 2255(f), and Petitioner does not meet the requirements for the filing of an untimely amendment to his motion to vacate. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005)(time barred amendments to a petition for a writ of habeas corpus are permitted only where "the claim asserted in the amended pleading 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'").

This Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). For the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection,* Doc. No. 218, is **OVERRULED**. The *Report and Recommendation,* Doc. No. 215, is **ADOPTED** and **AFFIRMED**. The original judgment, *Judgment*, Doc. No. 111, is **ORDERED VACATED**. The Clerk is **DIRECTED** to enter a new judgment so that a timely notice of appeal may be filed on Petitioner's behalf.

This action under 28 U.S.C. § 2255 is now concluded.

ALGENON L. MARBLEY
United States District Judge